# SOUTHWESTERN BELL TELEPHONE CO., INC.
## Southwestern Bell Advertising, LP, and
## Southwestern Bell Yellow Pages, Inc. *v.*
# PIPKIN ENTERPRISES, INC.,
## That French Salon, and Blake Batson

04-404                                                  198 S.W.3d 115

Supreme Court of Arkansas
Opinion delivered November 11, 2004

*Cynthia Barton* and *Edward Skinner; Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Hermann Ivester;* and *The Wright Law Firm*, by: *Travis R. Berry,* for appellants.

*Nichols & Campbell, P.A.*, by: *H. Gregory Campbell* and *Mark W. Nichols,* for appellees.

JIM HANNAH, Justice. Southwestern Bell Telephone Co., Southwestern Yellow Pages, Inc., and Southwestern Bell Advertising, LP (Southwestern Bell) appeal an order of the Clark County Circuit Court certifying a class action suit under Ark. R. Civ. P. 23. Southwestern Bell asserts that the circuit court erred in: (1) certifying the class because the class definition adopted requires a determination of the ultimate issue before class membership can be determined; (2) its factual findings; (3) finding that the requirement of commonality was met; and, (4) finding that the requirement of typicality was met. We hold that Pipkin Enterprises, Inc., That French Salon, and Blake Batson (Appellees), have failed to define a class to allow certification under Rule 23. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(8) and Ark. R. App. P.— Civ. 2(a)(9).

## Standard of Review

This court reviews class certification under an abuse-of-discretion standard. *Worth v. City of Rogers*, 351 Ark. 183, 89 S.W.3d 875 (2002). An abuse of discretion means discretion improvidently exercised, *i.e.*, exercised thoughtlessly and without due consideration. *Arnold v. Camden News Publ'g Co.*, 353 Ark. 522, 110 S.W.3d 268 (2003).

## Facts

Appellees filed a class action complaint on behalf of themselves and all other persons "located in Arkansas who paid interest charges to the Defendants . . . from the date of the complaint forward and for the immediately preceding five years." Appellees contracted with Southwestern Bell to have listings and advertisements placed in Southwestern Bell's phone books. Southwestern Bell allowed Appellees to pay in monthly payments over a twelve-month period. The contract provided that should the Appellees make a late payment, they would be subject to a one and one-half percent charge. The "interest" complained of is alleged to be interest charged by Southwestern Bell on overdue payments on

advertising contracts. Appellees contend that this interest "violates the usury provisions of the Arkansas Constitution." Appellees also assert that a twenty-five dollar collection fee charged by Southwestern Bell each time a payment is not made on time must be considered in determining whether a usurious rate of interest is being charged.

According to Southwestern Bell, "By agreeing to allow Appellees to spread their payments over twelve months," Southwestern Bell was "forbearing from collection of the entire principal balance on or prior to the dates of publication and effectively lending Appellees money. The very essence of the payment terms was a loan of money at 0% interest."

Southwestern Bell asserts that the interest charged on late payments is less than the legal amount that could be charged based on the total sum owed on any given contract. The class action concerns damages arising since November 15, 1997.

*Class Definition*

The circuit court defined the class as: "All Arkansas customers of Defendants who paid or were charged usurious interest charges since November 15, 1997." The ultimate issue in this case is whether charges paid by Appellees were usurious. It thus appears that determining whether any given person is a class member will require determining first whether that person paid usurious interest.

Before a circuit court may consider whether a class may be certified, or in other words, whether the six criteria for class certification under Ark. Code Civ. P. 23 have been met, a class must exist. *State Farm & Cas. Co. v. Ledbetter*, 355 Ark. 28, 129 S.W.3d 815 (2003). The standard that must be met in determining whether a class exists is not explicitly set out in Rule 23. *Arkansas Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002).

A class must be susceptible to precise definition. *Id.* Before a class may be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class, and the identity of the class members must be ascertainable by reference to objective criteria. *Arkansas Blue Cross, supra.*

In the proceeding before the circuit court, Southwestern Bell argued in its response to the Motion for Class Certification that Appellees erred in defining the class. In Appellees' reply to Southwestern Bell's response, Appellees argued about which individuals would be included in the class. The circuit court then defined the class in its Order Certifying Class. Thus, the issue of a class definition was raised and decided in the circuit court.

■ Southwestern Bell now argues on appeal that the class definition used by the circuit court in the Order Certifying Class is "invalid on its face." Southwestern Bell argues more specifically that the definition used by the circuit court "depends on a determination of the ultimate question, *i.e.*, whether Yellow Page's [Southwestern Bell's] charges were usurious." We agree. As Southwestern Bell argues, until the question of usury as to any given individual is answered, it cannot be determined whether he or she falls within the class. Whether a person is a member of the class depends on whether the person was subjected to usury.

Appellees argue that "the identity of the class members can be ascertained without investigating the merits of each individual's claim because the fact that customers paid interest charges during the above-referenced time period necessarily dictates that they are members of the class." Appellees go on to argue that Southwestern Bell's assertions about the definition requiring a determination of the ultimate issue is simply a matter of semantics, and "that usury is a well recognized and defined term that is synonymous in Arkansas with 'charges exceeding 5% over the Federal Discount rate. . . .' "

■■ In the case before us, there are no objective criteria that the circuit court may use to identify class members based on the circuit court's definition. As this court stated in *State Farm, supra*:

> As the class in this case is presently defined, the trial court would be required to inquire into the facts of each insured's case in order to determine whether that person is a suitable class member. We have repeatedly held that neither the trial court nor the appellate court may delve into the merits of the underlying claim when deciding whether the requirements of Rule 23 have been met. *The Money Place v. Barnes*, 349 Ark. 518, 78 S.W.3d 730 (2002); *Fraley*, 339 Ark. 322, 5 S.W.3d 423 (1999); *see also Capital One Bank v. Rollins*, 106 S.W.3d 286 (Tex. 2003) (holding that a class definition was

defective where it required a determination of the merits before the court could ascertain the existence of a class). Accordingly, the trial court abused its discretion in certifying this matter as a class action where the class definition provides no objective criteria for ascertaining class membership and also requires the trial court to delve into the underlying merits in order to determine who is an appropriate class member.

*State Farm,* 355 Ark. at 37.

■ Appellees' argument that the circuit court need not reach the merits of the case to determine class membership is not persuasive. The circuit court, in determining class membership, would have to make a determination of the ultimate issue, which is whether each prospective class member had been charged interest in excess of that allowed by the Arkansas Constitution. Neither the circuit court nor the appellate court may delve into the merits of the underlying claim when deciding whether the requirements of Rule 23 have been met. *See State Farm, supra.* This case must be reversed and remanded.

■ Appellees, however, further argue that if the class definition is flawed, this court should still affirm the case and provide specific instructions for modification of the definition so that the circuit court's ruling on the six Rule 23 criteria may be reviewed in the present appeal and thereby "conserve judicial and litigant resources by avoiding repeated and unnecessary appeals." We are cited to no convincing authority for this proposition and cannot alter the fact that the circuit court abused its discretion in certifying this matter as a class action where the definition provides no objective criteria for ascertaining class membership and where the circuit court must delve into the merits in order to determine who is an appropriate class member. *State Farm, supra.*

Because we reverse and remand this case on the issue of class definition, it is not necessary to address Appellant's remaining points on appeal.