SLIP OPINION

Cite as 2017 Ark. 340

# SUPREME COURT OF ARKANSAS

No. CV–17–227

| | |
|---|---|
| CHARLES JERRY WALKER, TIFFANY LOGNION, AND ALPHONSO WYNN, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS<br>APPELLANTS<br><br>V.<br><br>WILMOE CORP.<br>APPELLEE | **Opinion Delivered:** November 30, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[60CV-16-3004]<br><br>HONORABLE CHRIS PIAZZA, JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Charles Jerry Walker, Tiffany Lognion, and Alphonso Wynn, individually and on behalf of a class of similarly situated persons, appeal from the denial of their motion for class certification in litigation against appellee Wilmoe Corp. Appellants argue that the trial court abused its discretion by delving into the merits, that the pleadings and evidence demonstrate that the class should be certified, and that the trial court acted without due consideration of applicable case law. We affirm.

Appellee operates a business located in North Little Rock known as National Pawn Shop. Appellants filed a class-action complaint in which they alleged that appellee charged usurious interest rates in violation of Amendment 89 to the Arkansas Constitution. They further alleged that the usurious interest rates violated the Arkansas Deceptive Trade Practices Act (ADTPA). They also alleged that appellee's conduct violated the federal Truth

in Lending Law. Appellants filed a motion with the trial court to have the following two classes certified:

> (1) Any and all persons who have owed, currently owe, or will incur debts to Wilmoe Corp. d/b/a National Pawn Shop pursuant to pawn transactions with Wilmoe Corp. d/b/a National Pawn Shop within five years of June 2, 2011, and continuing up through and until judgment may be rendered in this matter; and

> (2) Any and all persons who have owed, currently owe, or will incur debts to Wilmoe Corp. d/b/a National Pawn Shop pursuant to pawn transactions with Wilmoe Corp. d/b/a National Pawn Shop within one year of June 2, 2011, and continuing up through and until judgment may be rendered in this matter in which: 1) the amount financed exceeds $75.00 and the finance charge exceeds $7.50; or 2) the finance charge exceeds $5.00.

Appellee opposed certification of the classes. At a hearing on the motion, appellee argued that no class could be certified because no class existed and that the requirements of Arkansas Rule of Civil Procedure 23 (2016), which governs class certifications, were not satisfied here. Following the hearing, the trial court entered an order denying the motion. This appeal followed.

The determination that the class-certification criteria have been satisfied is a matter within the broad discretion of the trial court, and this court will not reverse the trial court's decision absent an abuse of that discretion. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008). In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification. *Id.* Neither the trial court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. *Id.* In this regard, "a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action." *Carquest of Hot Springs, Inc. v. Gen.*

2

*Parts, Inc.*, 367 Ark. 218, 223, 238 S.W.3d 916, 920 (2006). We view the propriety of a class action as a procedural question. *Id.*

The proposed class must be susceptible to precise definition, and before a class can be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. *See Van Buren Sch. Dist. v. Jones*, 365 Ark. 610, 232 S.W.3d 444 (2006); *Arkansas Blue Cross and Blue Shield v. Hicks*, 349 Ark. 269, 78 S.W.3d 58 (2002). The six requirements for class-action certification as stated in Rule 23 of the Arkansas Rules of Civil Procedure are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *Diamante, LLC v. Dye*, 2013 Ark. 501, at 2, 430 S.W.3d 710, 714.

Appellees argued below and argue again on appeal that the class cannot be ascertained because no class exists. Although the trial court denied class certification on grounds other than whether the class was ascertainable, this does not bar us from considering the argument, as this court is not constrained by the trial court's rationale and may go to the record for additional reasons to affirm a decision by a circuit court. *State of Washington v. Thompson*, 339 Ark. 417, 6 S.W.3d 82 (1999).

With respect to class definition, it is axiomatic that for a class to be certified, a class must exist. *Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 53, 285 S.W.3d 634, 645 (2008). Furthermore, for a class to be sufficiently defined, the identity of the class members must be ascertainable by reference to objective criteria. *Id.*

In *Southwestern Bell Yellow Pages, Inc. v. Pipkin Enterprises, Inc.*, 359 Ark. 402, 198 S.W.3d 115 (2004), the plaintiffs filed a class-action complaint in which they alleged that the defendant charged usurious rates of interest. The circuit court certified a class defined as: "All Arkansas customers of Defendants who paid or were charged usurious interest charges since November 15, 1997." This court reversed the class certification, holding that certification was improper because the trial court would be required to determine whether the rates charged constituted usury before it would be able to determine whether a proposed plaintiff qualified for inclusion in the class.

Although the class definitions in the instant case do not require a determination of whether potential plaintiffs paid or were charged usurious interest charges, this is not the only issue to be determined as part of this action. The class definitions require potential plaintiffs to have incurred a debt arising out of pawn transactions with National Pawn Shop. Here, appellee contends that no loans were ever made and, by extension, no one ever incurred a debt pursuant to pawn transactions with National Pawn Shop. Thus, the circuit court would be required to determine one of the ultimate issues in the case—whether a debt was incurred—before it could be determined whether prospective plaintiffs could properly be included in either of the proposed classes. As in *Southwestern Bell*, the definitions of the proposed classes are not based on objective criteria. Accordingly, the trial court did not abuse its discretion in denying the motion to certify the classes.

Affirmed.

*Omavi Shukur*, for appellant.

*Williams & Anderson, PLC*, by: *Heather G. Zachary*, *Philip E. Kaplan*, *David M. Powell*, and *Alec Gaines*, for appellee.

4