SLIP OPINION

Cite as 2017 Ark. 342
# SUPREME COURT OF ARKANSAS
**No.** CV–17–188

| | |
|---|---|
| | **Opinion Delivered:** November 30, 2017 |
| PAWNDEROSA PAWN SHOPS, INC., AND PAUL PAKIS<br><br>APPELLANTS<br><br>V.<br><br>HERMAN CONLEY<br><br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-16-3005]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><u>REVERSED AND REMANDED WITH INSTRUCTIONS TO DECERTIFY THE CLASS</u>. |

**SHAWN A. WOMACK, Associate Justice**

Pawnderosa Pawn Shops, Inc., and Paul Pakis ("Pawnderosa") appeal the Pulaski County Circuit Court's order granting class certification for a group of Pawnderosa's customers including Herman Conley. Appellees allege that Pawnderosa's business practices violated the anti-usury language of amendment 89 to the Arkansas Constitution and of the Arkansas Deceptive Trade Practices Act. The circuit court's order defined the class as "[a]ny and all persons who have owed, currently owe or will incur debts directly arising out of pawn transactions with Defendant, Pawnderosa Pawn Shops, Inc. within five years of the date of this Complaint was filed and continuing up through and until judgment may be rendered in this matter." Pawnderosa argues on appeal that the circuit court abused its discretion in determining that a class exists, in determining that the putative class satisfied

SLIP OPINION

the requirements of Arkansas Rule of Civil Procedure 23 (2016), and in refusing to admit testimony relevant to these issues at the hearing on class certification.

For the reasons expressed in *Arch Street Pawn Shop, LLC v. Gunn*, 2017 Ark. 341, handed down this same date, we hold that the circuit court abused its discretion in certifying the class.

Reversed and remanded with instructions to decertify the class.

*Williams & Anderson PLC*, by: *Heather G. Zachary*, *Philip E. Kaplan*, *David M. Powell*, and *Alec Gaines*, for appellants.

*Omavi Shukur*, for appellee.