SLIP OPINION

Cite as 2017 Ark. 341
# SUPREME COURT OF ARKANSAS
No. CV–17–182

**Opinion Delivered:** November 30, 2017

ARCH STREET PAWN SHOP, LLC,
AND ROCKY CARTER

APPELLANTS

V.

ANITA GUNN AND MAURICE
SPENCER

APPELLEES

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT
[NO. 60CV–16–3432]

HONORABLE WENDELL GRIFFEN,
JUDGE

REVERSED AND REMANDED
WITH INSTRUCTIONS TO
DECERTIFY THE CLASS.

**SHAWN A. WOMACK, Associate Justice**

Arch Street Pawn Shop, LLC, and Rocky Carter ("Arch Street") appeal the Pulaski County Circuit Court's order granting class certification for a group of Arch Street's customers including Anita Gunn and Maurice Spencer. Appellees allege that Arch Street's business practices violated the anti-usury language of amendment 89 to the Arkansas Constitution and of the Arkansas Deceptive Trade Practices Act. The circuit court's order defined the class as "[a]ny and all persons who have owed, currently owe or will incur debts directly arising out of pawn transactions with Defendant Arch Street Pawn Shop, LLC within five years of the date this Complaint was filed and continuing up through and until judgment may be rendered in this matter." Arch Street argues on appeal that the circuit court abused its discretion in determining that a class exists, in determining that the putative class satisfied the requirements of Arkansas Rule of Civil Procedure 23 (2016), and in

refusing to admit testimony relevant to these issues at the hearing on class certification. We reverse and remand with instructions to decertify the class.

We review a trial court's decision to certify a class under an abuse of discretion standard. *See SEECO, Inc. v. Hales*, 330 Ark. 402, 954 S.W.2d 234 (1997). When scrutinizing the trial court's decision, we look to the evidence in the record to see if the grant of certification is supported. *See Ark. Blue Cross & Blue Shield v. Hicks*, 349 Ark. 269, 279, 78 S.W.3d 58, 64 (2002). It is not appropriate for either the trial court or this court to delve into the merits of the legal claims asserted by the class representatives at the certification stage; the only inquiries are whether a class exists and, if so, whether that class satisfies the requirements of Rule 23. *Id.*

Arch Street argued below and maintains on appeal that certification is improper in this case because no class is "ascertainable." Ascertainability is an aspect of the requirement that a class must exist prior to running that class through Rule 23's gauntlet of requirements. *See, e.g.*, *Sw. Bell Yellow Pages, Inc. v. Pipkin Enters., Inc.*, 359 Ark. 402, 405, 198 S.W.3d 115, 117 (2004). The class definition must lay out objective factors from which it is "administratively feasible" for the circuit court to ascertain "whether a particular individual is a member of the proposed class." *Id.* In *Southwestern Bell*, for example, the circuit court certified a class definition including all the defendant's customers who were charged "usurious interest charges." *Id.* We reversed, however, because the legal dispute in the case was whether the rates charged amounted to usury at all. Using the class definition to sort out which customers were or were not members of the class would require a resolution of the ultimate issue in the case.

Here, the class definition attempts to lasso all who "owe or will incur debts" springing from business with Arch Street. Given the nature of the legal claims, however, proceeding with class litigation on this basis would put the cart before the horse just as in *Southwestern Bell*. The ultimate legal issue in this case is *whether* the transactions Arch Street typically engages in *are* "loans" that create "debts" for which appellees "owe" payment as those terms are contemplated in, or controlled by, the Arkansas Constitution's anti–usury language. *See* Ark. Const. amend. 89, § 3. Determining whether a particular pawn transaction was a loan and thus created a debt is the sort of predicate question that would have to be determined by reference to each potential class member's situation rather than a uniform set of objective criteria. All customers at Arch Street received similarly phrased pawn tickets. However, some customers redeemed their pawned items, some surrendered their pledges intending to redeem them but ultimately did not, and still others pawned items with no intent to redeem them at all. Proposed class definitions posing such administrative difficulties are not suitable for certification. Because the class as defined is not ascertainable as a threshold matter, we hold that the circuit court abused its discretion by proceeding to a Rule 23 analysis and granting certification. Because we hold that the circuit court erred in certifying the class, we do not reach Arch Street's objections to the circuit court's evidentiary rulings.

Reversed and remanded with instructions to decertify the class.

*Williams & Anderson, PLC*, by: *Heather G. Zachary*, *Philip E. Kaplan*, *David M. Powell*, and *Alec Gaines*, for appellants.

*Omavi Shukur*, for appellees.