JOSEPHINE LINKER HART, Associate Justice
Conley appeals the June 9, 2017 order from Pulaski County Circuit Court denying his third amended motion for class certification. Our jurisdiction is proper pursuant to Ark. R. App. P. - Civil 2(a)(9). On appeal, Conley asks us to remand arguing that the trial court abused its discretion by not providing appellants with specific findings of fact and conclusions of law thereon, as Conley requested pursuant to Ark. R. Civ. P. 52, in its order denying class certification. Alternatively, if the circuit court's order is sufficient, Conley asks us to reverse the circuit court's decision because, contrary to the conclusions contained in the order, he has made prima facie showings of commonality and typicality. Boll Weevil counters that the circuit court's order should be affirmed because it found that the proposed class failed to satisfy commonality or typicality, and that Rule 52 thus has no application because it denied the motion for class certification. Additionally, as a separate basis for affirming the circuit court's order, Boll Weevil argues that the proposed classes are not "ascertainable." We conclude that the circuit court was required to enter specific findings of fact and conclusions of law, even in denying class certification, and that it would be advisory to address the parties' remaining arguments at this juncture. We reverse and remand for further proceedings consistent with this opinion.
I. Background
On June 2, 2016, Conley filed a class-action complaint against Boll Weevil in Pulaski County Circuit Court. Conley's complaint alleged that Boll Weevil was charging excessive interest in violation of the Arkansas Constitution and the Arkansas Deceptive Trade Practices Act. For its general factual underpinning, Conley's complaint alleged that Boll Weevil engages in "pawn transactions," a typical example of which would involve a consumer delivering physical possession, control, and (when applicable) title to his or her property to Boll Weevil. In exchange, Boll Weevil extends a sum of money equal to a percentage of 10-30% of the property's actual value, with monthly interest accruing on the entire sum at 20.25% for each month the money is not repaid in full. The consumer can re-acquire the property by paying to Boll Weevil the money advanced and interest at the end of the term of the agreement. Furthermore, the term can be extended if the consumer elects to extend and makes all interest payments due before *127 the end of the term. However, if the consumer ever defaults on the agreement, or if the consumer otherwise chooses not to make the payments contemplated by the pawn transaction, the property is automatically forfeited to Boll Weevil.
On April 18, 2017, Conley filed a third amended motion for class certification asking the trial court to certify two classes consisting of Boll Weevil's pawn transaction customers. The two proposed classes were defined as follows:
Class A: All consumers who have entered into pawn transactions with Boll Weevil since June 2, 2011 continuing up through and until judgment may be rendered in this matter in which: 1) the term of the pawn transaction (listed as the "Maturity Date" on the pawn transaction agreement) is less than one (1) year; and 2) the consumer has made a pawn service fee payment (listed as "Amount Financed" on the pawn transaction agreement) within one (1) year of entering a pawn transaction with Boll Weevil.
Class B: All consumers who have entered into pawn transactions with Boll Weevil since June 2, 2011 continuing up through and until judgment may be rendered in this matter in which: 1) the term of the pawn transaction (listed as the "Maturity Date" on the pawn transaction agreement) is less than one (1) year; and 2) the pawn service fee (listed as the "Finance Charge" on the pawn transaction agreement) amounts to more than 17% of the amount dispersed to the consumer by Boll Weevil (listed as the "Amount Financed" on the pawn transaction agreement).
Also on April 18, 2017, Conley filed a request pursuant to Ark. R. Civ. P. 23 and Ark. R. Civ. P. 52 for "for specific findings of fact and conclusions of law with respect to Plaintiff's request for class certification, the requirements for class certification in Rule 23(a) and (b), and any order entered by the Court granting or denying class certification."
On June 9, 2017, the circuit court entered an order denying class certification. The circuit court's order was very limited, providing as follows:
1. The proposed class does meet the requirement that the class be numerous to the extent that joinder of all members is impracticable.
2. The proposed class lacks commonality in that there are no questions of law or fact common to the class.
3. The proposed class lacks typicality in that the claims or defenses of the representative parties are not typical of the claims or defenses of the class.
4. By failing to meet each of the prerequisites for a class certification, Plaintiff's Third Amended Motion for Class Certification should be and hereby is denied.
The circuit court's order made no mention of adequacy, predominance, or superiority. Additionally, the circuit court's order did not in any manner specify which of the two proposed classes any of these conclusions would refer to.
On June 9, 2017, Conley filed an Objection to the Court Order Denying Plaintiff's Motion for Class Certification. The circuit court did not respond to the objection, the motion was thus deemed denied, and Conley filed a notice of appeal.
II. Applicable Authority
To be certifiable, a proposed class must satisfy the "six factors" set out at Ark. R. Civ. P. 23(a)-(b). Rule 23 provides in relevant part as follows:
(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf *128 of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.
(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.
...
Ark. R. Civ. P. 23 (a)-(b) (emphases added). Additionally, a proposed class must be "ascertainable." Regarding ascertainability, this court has held as follows:
Before a circuit court may consider whether a class may be certified, or in other words, whether the six criteria for class certification under Ark. R. Civ. P. 23 have been met, a class must exist. The standard that must be met in determining whether a class exists is not explicitly set out in Rule 23. A class must be susceptible to precise definition. Id. Before a class may be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class, and the identity of the class members must be ascertainable by reference to objective criteria.
Sw. Bell Yellow Pages, Inc. v. Pipkin Enterprises, Inc. , 359 Ark. 402, 405, 198 S.W.3d 115, 117 (2004) (internal citations omitted). This court has held that a class is not ascertainable in cases where "[u]sing the class definition to sort out which customers were or were not members of the class would require a resolution of the ultimate issue in the case." Arch St. Pawn Shop, LLC v. Gunn , 2017 Ark. 341, 2, 531 S.W.3d 390, 392 (2017).
Before the circuit court ruled on Conley's third amended motion for class certification, Conley filed a motion for specific findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. Rule 52(a)(1). Rule 52(a)(1) provides as follows:
Effect. If requested by a party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions, the court shall similarly set forth the findings of fact and conclusions of law that constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses.
*129 The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules.
Ark. R. Civ. P. 52(a)(1). This court has held that Rule 52(a)(1), when invoked, requires a circuit court to enter specific findings of fact and conclusions of law when addressing a request for class certification.
For example, in BPS v. Richardson , this court reversed a circuit court's order certifying a class because the order failed to adequately set forth specific findings of fact and conclusions of law, despite that the appellant had filed a request pursuant to Rule 52. 341 Ark. 834, 20 S.W.3d 403 (2000). There, the circuit court had granted a motion to certify a class of individuals who suffered damages as a result of an explosion at a chemical packaging plant. Id. Reasoning that Rule 52 applied to motions for class certification and that the circuit court's order fell short of Rule 52's requirements, this court held has follows:
We conclude that this order does not meet the mandatory requirements of Rule 23. Specifically, evaluating the trial court's order we cannot be certain of: (1) the number of members in the class which the trial court used to determine whether the numerosity requirement was met (estimated size of the class ranged from 100 members to 20,000 members); (2) what the trial court found to be the "common questions of law or fact"; (3) what claims the trial court found to be held by the representative parties which would be "typical" of the claims of the proposed class and whether such claims would be subject to defenses not applicable to all members of the class; (4) why the named plaintiffs' claims predominate over claims held by individual class members; (5) why the trial court found that the representative parties would fairly and adequately represent the class; or (6) why the trial court found that a class action is "superior to other available methods for a fair and efficient adjudication of all the actual and potential claims."
Here, the trial court's order does not provide the parties or this court with an analysis of the requirements of Rule 23 or specific factual findings of fact or conclusions of law pursuant to Rule 52. Because it failed to comply with these requirements we conclude that the trial court has abused its discretion in certifying this case for class action status. For a class action to serve the purpose of an efficient and fair means of resolving claims arising out of the same circumstances, these issues must be analyzed. Accordingly, we reverse and remand this case to the trial court for analysis and findings as required by Rule 23 and Rule 52 of the Arkansas Rules of Civil Procedure.
Id. at 850-51, 20 S.W.3d at 411-12. Accordingly, this court remanded the case to the circuit court for further proceedings consistent with its opinion. Id.
This court reached a similar decision in Lenders Title Co. v. Chandler , another case where the appellant argued that the circuit court's order granting class certification did not contain adequate findings of fact and conclusions of law, despite appellant's timely request pursuant to Rule 52. 353 Ark. 339, 107 S.W.3d 157 (2003). Pointing to its prior decision in BPS , this court held as follows:
Like the order involved in BPS Inc. , 341 Ark. 834, 20 S.W.3d 403, the order in this case falls short of the requirements of Rule 23. The order does not state *130 what the trial court found to be questions of law or fact common to the class. Nor does the order explain why or how the common issues would predominate over individual issues. Likewise, the order does not state why a class action in this case is the superior method for adjudicating the claims. Rather, in conclusory fashion, the order merely states that the common issues raised in the complaint predominate and that a class action is the superior method for addressing these issues. It does not address the argument made by Lenders that a class action is not superior because identifying the potential members of the class will require a closing-transaction-by-closing-transaction analysis.
Nor does the order state how or why a class action would be more fair to the parties. Instead, again in a conclusory fashion, the order merely states that there would be substantial benefit through efficiency and judicial economy by consolidating the potential claims into one class action. Finally, the order does not explain why Chandler's claims are typical of the proposed class or whether such claims are subject to defenses not applicable to all members of the class. In short, the order lacks analysis of the criteria set out in Rule 23.
Id. at 347-48, 107 S.W.3d at 161-62.
III. Analysis
Applying these authorities to the case at bar, it is plain that the circuit court's order denying class certification is inadequate. BPS and Lenders Title contemplate specific findings of fact and conclusions of law on all six of the Rule 23 factors when Rule 52 is invoked. The circuit court's order here speaks nothing to adequacy, predominance, or superiority; it only alludes to numerosity, commonality, and typicality, and even its nominal conclusions on these issues lack the specific factual underpinning contemplated by BPS and Lenders Title . In short, regardless of whether the circuit court's order could satisfy all of Rule 23's stated requirements, the order certainly cannot satisfy Rule 52's requirements of "specific findings of fact and conclusions of law."
Boll Weevil asks this court to adopt a rule whereby Rule 52's requirements are only applicable where the circuit court grants class certification, as was the case in BPS and Lenders Title , to be distinguished from the case at bar, where the circuit court denied class certification, but we decline to do so. Nowhere in BPS or Lenders Title did we suggest that Rule 52's requirements are only applicable where the circuit court grants class certification; instead, these decisions indicate the opposite. Here, we reiterate, "[f]or a class action to serve the purpose of an efficient and fair means of resolving claims arising out of the same circumstances, these issues," all six of them, "must be analyzed," regardless of whether the circuit court grants or denies class certification. BPS , 341 Ark. at 850-51, 20 S.W.3d at 412. One of the fundamental reasons our rules allow for class-action litigation is to promote efficiency and expedience, and our rules of appellate procedure allow for interlocutory review of "[a]n order granting or denying a motion to certify a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure[.]" Ark. R. App. P. - Civil 2(a)(9) (emphasis added). Accordingly, when Rule 52 is invoked, its requirements must apply regardless of whether class certification is granted or denied, lest we allow for up to, if not more than, six separate interlocutory appeals for the six separate Rule 23 factors.
Even if this were not the case, the circuit court's order here would still be inadequate. If nothing else, the circuit *131 court's order denying class certification only contemplates a single proposed class, when Conley's third amended motion for class certification proposed two separate classes, despite Conley's Rule 52 motion and subsequent objection to the circuit court's limited order. Accordingly, we must remand this case to the circuit court for entry of specific findings of fact and conclusions of law on Conley's motion for class certification, with respect to both proposed classes. Even if the ruling contained in the circuit court's order would have been correct as to one of the classes, there is simply no indication of which class that decision would pertain to, and even if there was such an indication, this court would still be without any ruling as to the remaining proposed class. The circuit court's order here is thus simply unreviewable. While this court can affirm a circuit court's ruling if it is correct for any reason, even if the reasoning relied upon by the circuit was incorrect (See , e.g. , Alexander v. Chapman , 299 Ark. 126, 130, 771 S.W.2d 744, 746-47 (1989) ), this court cannot make up and address a ruling that the circuit court never made.
This circumstance also renders inappropriate any analysis of the parties' remaining arguments in this appeal, for similar reasons. Without intimating any sort of conclusion as to the overall viability of either proposed class, it is plain that Conley's arguments regarding commonality and typicality may be stronger or weaker with respect to one of the proposed classes over the other. The same is true of Boll Weevil's argument regarding ascertainability. For these reasons, we decline to address any of the party's remaining arguments at this juncture.
Reversed and remanded.
Kemp, C.J., concurs.
Wood, J., dissents.