Cite as 2019 Ark. 329
# SUPREME COURT OF ARKANSAS
No. CV–19–217

| | |
|---|---|
| | **Opinion Delivered:** November 14, 2019 |
| HEATHER VAUGHN AND DAWN FRANCE | |
| APPELLANTS | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT [NO. CV-2018-184] |
| V. | |
| MERCY CLINIC FORT SMITH COMMUNITIES; MERCY HEALTH FORT SMITH COMMUNITIES; AND COOPER CLINIC, P.A. | HONORABLE STEPHEN TABOR, JUDGE |
| APPELLEES | <u>REVERSED AND REMANDED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants Heather Vaughn and Dawn France appeal the Sebastian County Circuit Court's order denying their motion for class certification. For reversal, appellants argue that the circuit court abused its discretion by (1) finding that they did not satisfy the requirements for class certification under Rule 23 of the Arkansas Rules of Civil Procedure and (2) denying their motion to certify the class based on payments made to the putative class members. We reverse and remand.

Appellants are former employees of appellee Cooper Clinic, P.A., a medical provider that at one time had more than 400 employees in ten office locations throughout the river valley in western Arkansas. Cooper Clinic operated in the area since 1920 and extended vacation benefits to its employees including appellants. In 2018, appellees Mercy Clinic Fort Smith Communities and Mercy Health Fort Smith Communities (Mercy) acquired Cooper

Clinic's assets. Representatives of Cooper Clinic and Mercy kept employees informed about what would happen to their benefits when their employment transitioned to Mercy. Initially, representatives told employees that their accrued vacation time would transfer to Mercy when the transition took place January 28, 2018. However, in a January 24, 2018 memo, Mercy told the employees that Cooper Clinic would be unable to transfer the vacation time to Mercy. That same day, Cooper Clinic sent employees a memo stating that it was unable to transfer their vacation balances to Mercy. The memo advised the employees that the vacation time "will remain on the Cooper Clinic books" until the corporation is dissolved and that vacation time would then be paid to the employees if finances allowed.

The employees transferred to Mercy on January 28, 2018, thus terminating their employment with Cooper Clinic. Twelve days later, the original plaintiffs, Sara Bryson, Emily Brown, and Danielle Pfeiffer, filed a class-action complaint against Cooper Clinic and Mercy with causes of action of promissory estoppel, unjust enrichment, and breach of contract. The three original plaintiffs sought payment for their vacation time, pre- and post-judgment interest, costs, expenses, and attorney's fees. On July 11, 2018, Cooper Clinic served offers of judgment to the three original plaintiffs, and all three accepted. On July 24, 2018, the plaintiffs amended the complaint and added Vaughn and France as plaintiffs. That same day, the plaintiffs filed a motion for class certification seeking a class of former Cooper Clinic employees. The plaintiffs sought to certify a class to consist of

> [a]ll individuals who worked for Cooper Clinic for more than 1 year on the date of their termination who were terminated by Cooper Clinic in 2018 as part of the merger with Mercy, and who were not paid for their unused vacation time.

Cooper Clinic moved to dismiss the complaint or for a stay, with its counsel explaining at a July 26, 2018 hearing that Cooper Clinic's assets consisted of real estate and other nonliquid assets. Although it believed it had no obligation to pay, Cooper Clinic stated that it was attempting to sell a dialysis center, which would generate funds to pay the vacation time.[1] On July 30, 2018, the circuit court denied the motion to dismiss but granted a ninety-day stay to allow Cooper Clinic to attempt the dialysis-center sale. The circuit court's order conditioned the stay on Cooper Clinic's (1) prioritizing the payment of the vacation time above other obligations except taxes, (2) immediately notifying the court and opposing counsel if the sale was delayed or cancelled, and (3) immediately notifying the court and opposing counsel when the sale was finalized and when payment would be made. The appellants moved for relief from the stay and argued that the order acted as a final judgment. The circuit court denied the motion, and appellants took no further action to contest the finding.

On September 12, 2018, Cooper Clinic notified the circuit court and all counsel that the planned sale had fallen through. At a hearing in October, Cooper Clinic told the circuit court that payment of the vacation time remained a priority and that it had a new potential buyer with a sale likely before the end of November 2018. Cooper Clinic also informed the circuit court that it had some cash on hand from an insurance refund and planned to pay a significant number of its employees for their unused vacation time within two weeks.

---

[1] Throughout the course of litigation, Mercy largely adopted Cooper Clinic's position for all motions relevant to this appeal.

On October 29, 2018, the circuit court entered an order granting appellees until November 19, 2018, to file a response to the class-certification motion. The dialysis-center sale was completed in early November 2018, and Cooper Clinic sent payments to all employees with unused vacation-time balances. Cooper Clinic did not notify either the court or the opposing counsel of the payments and did not seek any form of release.

At the December 12, 2018 class-certification hearing, Cooper Clinic opposed the motion for class certification and argued that the putative class members had already been paid for their unused vacation time. The circuit court agreed and on January 14, 2019, denied the motion for class certification, observing that the class was defined by plaintiffs to consist of those "who were not paid for their unused vacation time," and that all former employees had been paid for their unused vacation time. Based on this payment, the circuit court determined that the requirements of Rule 23, "particularly those of numerosity and typicality, cannot be met." Appellants filed a timely appeal pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(9) and argue that the circuit court abused its discretion by denying their motion for class certification.

Class certification of a lawsuit is governed by Rule 23 of the Arkansas Rules of Civil Procedure. Circuit courts are given broad discretion in matters regarding class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. *GGNSC Arkadelphia, LLC v. Lamb ex rel. Williams*, 2015 Ark. 253, 465 S.W.3d 826. When reviewing a circuit court's class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court's decision, and our focus is on whether the requirements of Rule 23 are met without

4

regard to whether the petition will succeed on the merits or even if it states a cause of action. *Id.*

Our law is well settled that the six requirements for class-action certification, as stated in Rule 23, are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 285 S.W.3d 634 (2008). In addition to the requirements of Rule 23, the court must be able to objectively identify members of the class. *Farmers Ins. Co. v. Snowden*, 366 Ark. 138, 233 S.W.3d 664 (2006).

As set forth above, appellants argue (1) that they met the Rule 23 requirements for class certification and (2) that the circuit court erred in considering Cooper Clinic's payment in determining that those requirements had not been met. In opposing the class-certification motion, appellees did not seriously contest appellants' claim that they met the Rule 23 requirements. Instead, in their response to appellants' motion, appellees argued that Cooper Clinic's payment of the unused vacation time mooted the class issues. In essence, the appellees contend that the class no longer exists because of the payment of the unused vacation time.

It is axiomatic that for a class to be certified, a class must exist. *Walker v. Wilmoe Corp.*, 2017 Ark. 340, 531 S.W.3d 387. Additionally, for a class to be sufficiently defined, the identity of the class members must be ascertainable by reference to objective criteria. *Id.* Ascertainability is an aspect of the requirement that a class must exist prior to any consideration of Rule 23's requirements. *Arch Street Pawn Shop, LLC v. Gunn*, 2017 Ark. 341, 531 S.W.3d 390. A class definition must lay out objective factors from which it is

5

administratively feasible to ascertain whether a particular individual is a member of the proposed class. *Id.*

The proposed class in this case includes individuals who worked for Cooper Clinic for more than one year "on the date of their termination," and "were terminated" and "were not paid for their vacation time." Reading the proposed class definition in concert with appellants' amended complaint and demand for pre- and post-judgment interest convinces us that the class does exist and is ascertainable. Appellants alleged in their amended complaint that compensation for the unused vacation time "was due and owing on the date of their termination," and "should have been paid with their final paycheck." Interest began to accrue, according to appellants' theory, when the employees were terminated and were not paid for their unused vacation time. In their brief, appellants argue that common questions for the class include whether Cooper Clinic promised but failed to pay its employees for "unused vacation time upon the termination of their employment." Appellants also argue that a common question is whether Mercy is liable to the class members "for employment compensation due and owing at the time Cooper Clinic was acquired." The class of individuals who were not paid for their unused vacation time at the time of the termination of their employment with Cooper Clinic still exists. Additionally, although the former employees have now been paid for their unused vacation time, they have not been compensated for pre-judgment interest. Whether appellants are entitled to pre-judgment interest, or when such interest charges began to accrue, may be unanswered questions; however, those questions should not be considered at the class-certification stage. In the absence of any consideration of payment, appellees advance no real argument that

the Rule 23 requirements are not met. We conclude that the circuit court abused its discretion by relying on payments to defeat Rule 23's requirements. *See Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 336, 5 S.W.3d 423, 432 (1999) (holding that we do not delve into the merits of affirmative defenses in determining whether the numerosity requirement of Rule 23 are met).

Regrettably, the circuit court made this lawsuit unnecessarily difficult due to its failure to timely decide the class issue. The class-certification motion was filed on July 24, 2018. On July 30, 2018, the circuit court entered an order staying the proceedings for ninety days based on Cooper Clinic's representations that it was attempting an asset sale that would provide it with the funds necessary to pay the employees for their unused vacation time. When that ninety-day period expired, the court granted the appellees additional time to respond to the class-certification motion, again based on statements from Cooper Clinic's counsel that an asset sale was imminent. Together, there was an almost four-month time period between the time the class-certification motion was filed until appellees' response was finally due on November 19, 2018.

Rule 23 requires that, "[a]t an *early practicable time* after the commencement of an action brought as a class action, the court *shall* determine by order whether it is to be so maintained." Ark. R. Civ. P. 23(b) (emphasis added). The word "shall" means mandatory compliance unless it would lead to an absurd result. *See City of North Little Rock v. Pfeifer*, 2017 Ark. 113, 515 S.W.3d 593. Further, Rule 23 defines "practicable" as "reasonably capable of being accomplished." Rather than deciding the motion in July of 2018, the circuit court granted a stay and then an extension from that stay. These rulings were grounded in

its belief that Cooper Clinic might pay the employees for their unused vacation time. However, the Rule does not provide for the circuit court to delay its decision in anticipation of the development of an affirmative defense. *See* Ark. R. Civ. P. 8(c) (including payment as an affirmative defense). Undoubtedly, the class-certification motion could have been decided much earlier. We do not believe that the extended delay imposed by the circuit court is in keeping with Rule 23's requirement to decide class-certification issues at the earliest practicable time.[2]

Reversed and remanded.

Special Justice RANDALL L. BYNUM joins in this opinion.

HART, J., concurs.

WOOD, WYNNE, and WOMACK, JJ., dissent.

KEMP, C.J., not participating.

**JOSEPHINE LINKER HART, Justice, concurring.** I agree that this case should be reversed, but I prefer to rely on well-established principles in our class-certification jurisprudence. When the issue of class certification is before it, a circuit court is charged with looking beyond the pleadings and may consider affidavits and live testimony when making its decision. *See, e.g., SEECO, Inc. v. Stewmon*, 2016 Ark. 435, 506 S.W.3d 828. However, in the record before us, we have nothing more than the assurance from Cooper Clinic's trial counsel made in its response to the class-certification motion that checks have

___

[2]We do not mean to suggest that a decision must be made before the parties opposing the motion have an opportunity to fully respond. There may be circumstances when it is appropriate to delay a class-certification decision for a brief period. However, those circumstances do not include waiting for the development of an affirmative defense such as payment.

been sent to all former employees who constitute putative class members. There are few more often repeated legal maxims than "the arguments of counsel are not evidence." Accordingly, the circuit court has made a factual finding that the certification requirements of "numerosity and typicality cannot be met," without evidence.

Furthermore, the circuit court's findings regarding numerosity and typicality are at least implicitly based on the circuit court having impermissibly delved into the merits. Boiled down to its essence, the complaint alleged that Cooper Clinic has wrongfully refused to pay its former employees for their unused vacation time. In denying class certification, the circuit court found that there was no merit to this allegation. I am mindful that the circuit court's unusually solicitous approach to Cooper Clinic's status as a defendant paved the way for Cooper Clinic to liquidate potential claims. Nonetheless, even if Cooper Clinic mailed checks to former employees, it did so outside the circuit court's well-articulated plan of supervision. Accordingly, its extra-judicial activities are not entitled to be ratified by the circuit court—or this court.

Conversely, the class-certification motion was supported by evidence. Cooper Clinic's answers to interrogatories were appended to the motion. In those answers, Cooper Clinic admitted that it had 350 employees as of January 27, 2018, who had been employed at the clinic for one year prior to that date. Also appended to the motion was the memo from Cooper Clinic acknowledging that it was unable to transfer the vacation balances to Mercy Clinic and Cooper's promise to compensate the former employees if their finances permitted. The employee handbook that set forth Cooper Clinic's vacation policy was also attached. Thus, a putative class of 350 was asserted, and typicality was established by the

9

potential of some or all of the 350 having been affected by the acquisition of Cooper Clinic by Mercy. Under these facts, this class should be certified.

**ROBIN F. WYNNE, Justice, dissenting.** I do not believe the trial court abused its discretion when it denied the motion to certify the class. Accordingly, I respectfully dissent.

The majority is, quite simply, forcing the trial court to certify a class with no members. The majority rationalizes its decision by claiming that this case is similar to our decision in *Fraley v. Williams Ford Tractor & Equipment Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999). The majority is mistaken. This case is distinguishable from *Fraley* in at least one substantive way. The defendant in *Fraley* sought out the potential class members and obtained waivers from them in an effort to prevent the potential class members from asserting their claims. By contrast, appellees sent their former employees a check in the amount of their unpaid vacation time once the funds to do so were available. The defendant in *Fraley* used questionable means in its attempt to keep a class of people who still existed from asserting a claim against it. Appellees did as they had indicated they would do, and, as a byproduct of that action, the class sought to be certified no longer exists. The trial court did not delve into the merits; it simply determined that the class cannot be certified because the class for which certification is sought no longer exists. Instead of requiring appellants to take the logical step of attempting to redefine the class so that there might be individuals who fall within its definition, the majority has chosen to require certification of a class with zero members.[1]

---

[1]Although the majority indicates a class should be certified so that appellants may seek pre- and postjudgment interest, the class, as defined by appellants, only covers former employees of Cooper Clinic who were not paid for their unused vacation time. The record

10

The majority has also omitted one important detail about this case. After appellees were granted a stay giving them time to sell their radiology unit and obtain the funds necessary to pay their former employees for their unused vacation time, appellants filed a motion for relief from the stay. In the motion, they contended that a prior order requiring appellees to pay the amounts owed to its former employees acted as a final judgment. They sought attorney's fees and costs. The trial court denied the motion for relief from the stay, finding that the prior order did not act as a final judgment. Appellants took no action to appeal or otherwise contest this finding by the trial court.

In addition, the majority fails to consider that, under Rule 23, the issue of whether a class should be certified is not set in stone. In *Fraley*, this court recognized that a trial court may reconsider a decision regarding whether to certify a class. 339 Ark. at 347, 5 S.W.3d at 439. By forcing the trial court in this case to certify the class, the majority neglects the fundamental principle underlying Rule 23 that the circumstances of the case at a given time should govern the question of whether a class can be maintained.[2]

For these reasons, I respectfully dissent.

WOOD and WOMACK, JJ., join.

---

does not indicate that there are currently any former employees who have not been paid for their unused time. In forcing through certification of the class, the majority reads language in to the proposed class definition that simply is not there. Appellants should be required to at least redefine the proposed class in order to seek damages as part of a class action.

[2]The majority then culminates its error by chastising the circuit court for issuing the stay, an issue that was never raised by appellants on appeal.

*Holleman & Associates, P.A.*, by: *John Holleman* and *Timothy A. Steadman*, for appellants.

*Littler Mendelson, P.C.*, by: *Eva C. Madison*, for appellee Cooper Clinic, P.A.